UNITED STATES of America, Appellee,

v.

**Willie James SIMUEL, Appellant.**

UNITED STATES of America, Appellee,

v.

**Lawrence Emmington MITCHELL, Appellant.**

Nos. 15130, 15131.

United States Court of Appeals, Fourth Circuit.

Argued March 2, 1971.

Decided March 25, 1971.

Ronald Harris Marks, Norfolk, Va. (Court-appointed) [White, Katherman, Daniels & Marks, Norfolk, Va., on brief] for Willie James Simuel.

Frank E. Butler, III, Virginia Beach, Va. (Court-appointed) for Lawrence Emmington Mitchell.

John A. Field, III, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and CRAVEN, Circuit Judges.

PER CURIAM:

On appeal from their convictions, after a joint trial for bank robbery (18 U. S.C.A. § 2113), the defendants complain of the trial court's refusal of their severance motions and denial of a continuance to permit a defense witness to testify in person rather than by deposition. We affirm.

■ The motions for severance were founded on the fact that some evidence, chiefly eyewitness identification, would be introduced against only one defendant. There were no incriminating statements such as were condemned for use in joint trials in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. None of the evidence introduced against one of the defendants only was prejudicial to the other, except, in the sense, that the evidence supports a finding that each defendant participated in the robbery.

The defendants, pursuant to Fed.R. Crim.P. 17, had subpoenaed a bank employee who was present during the robbery. When the trial date was set, the witness asked to be excused because of a scheduled vacation trip for which she had already paid a large non-refundable deposit. The trial judge agreed to excuse her and ordered her deposed, stating that if her testimony revealed anything helpful to the defense he would order a continuance. After her deposition had been taken, the judge quashed the subpoena, and the trial proceeded as scheduled with her testimony available only by deposition.

The witness testified that at the time of the robbery she was off the bank lobby in a partially enclosed office. On hearing a shot she looked up and saw a man standing on the opposite side of a desk outside that office. Immediately, she dropped to the floor and saw him no more. Confronted with both defendants in court, she was unable to say whether either was the man she saw. However, she estimated the man's height at slightly less than her own 5 feet 10½ inches. The defendants say that they are 6 feet 2 inches and 6 feet in height, respectively. They argue that testimony that at least one of the robbers was shorter than that height would weaken the government's case, and that they were entitled to have the benefit of that testimony given by a live witness rather than being forced to use her deposition.

■ We agree that the action taken was improper. The testimony, however weak in probative value, was pertinent to the issues in the case and not within

the discretion of the trial judge under Rule 17 to exclude.

However, we cannot agree that the error requires reversal of the convictions, in light of the essentially neutral nature of the testimony and the overwhelming evidence supporting the finding of guilt. The witness saw only one of the robbers, and only for an instant before she fell to the floor. Her recollection of his appearance was so dim that she could make no statement either positive or negative when confronted in court with the defendants. Even her height estimate, on which they rely, is no more than two inches away from the actual height of the shorter of them. In contrast, numerous eyewitnesses identified both defendants as the robbers. One was seen leaving the ravine in which the automobile used in the robbery was abandoned. The other left fingerprints in the automobile and was connected with a part of the robbery proceeds. Under all the circumstances we are persuaded that the error was harmless. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705; Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284.

Affirmed.